UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ERICH ZWICKER and
CALLIE ZWICKER

               Plaintiffs,

     v.

AMERICAN INCOME LIFE INSURANCE
COMPANY and SPARBY AGENCY LLC,

               Defendants.

Case No. 26-CV-

---

## NOTICE OF REMOVAL

---

Defendant Sparby Agency LLC ("Sparby Agency") by its attorneys, von Briesen & Roper, s.c., hereby gives notice of the removal of this civil action from the Circuit Court of La Crosse County, Wisconsin, to the United States District Court for the Western District of Wisconsin. This Notice of Removal is filed pursuant to 28 U.S.C §§ 1332, 1441, and 1446.  As grounds for removal, Defendant states as follows:

### BACKGROUND[1]

1.      On March 11, 2026, Plaintiffs Erich and Callie Zwicker commenced this action against AIL in the Circuit Court of La Crosse County, Wisconsin, Case No. 2026CV000144, styled as *Erich Zwicker, et al. v. American Income Life Insurance Company* (the "State Court Action").

2.      On April 27, 2026, Plaintiffs filed an amended complaint adding claims against Sparby Agency. Said amended complaint was served on Sparby Agency on April 30, 2026.

3.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and

---

[1] Defendant treats Plaintiffs' allegations as true for purposes of this Notice of Removal only.

1

Complaint is attached hereto as **Exhibit A**, and a true and correct copy of the Amended Summons and Complaint is attached hereto as **Exhibit B**.

4.      AIL has not filed an answer in this matter pursuant to an agreement between AIL's in-house counsel and counsel for the Zwickers.

5.      Sparby Agency's answer is not yet due under state court rules, and therefore will be filed in this Court.

6.      Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B are the only process, pleadings, and orders served upon AIL and/or Sparby Agency in this matter.

7.      This action involves allegations that a cancer insurance policy failed to cover Plaintiff Callie Zwicker as a result of a mistake by AIL and/or its agent. Compl., ¶¶ 5–17.

8.      Plaintiffs allege that Plaintiff Erich Zwicker first procured the cancer insurance policy in 2007. *Id*., ¶ 5.

9.      In 2019, Plaintiffs allege that they spoke with agent Brandon Mogel with  Sparby Agency about adding Callie Zwicker and their minor son to the cancer insurance policy. *Id.*, ¶ 7.

10.      In 2025, Callie Zwicker was diagnosed with cancer, at which point it was discovered that she was never added to the cancer policy. *Id*., ¶ 10.

11.      AIL determined that it had received an application to add Callie Zwicker to the cancer policy, but said application was incomplete and sent back to Mogel, and said application was never completed and returned to AIL. *Id*., ¶¶ 12–15.

12.      Based on these allegations, Plaintiffs assert four causes of action: (i) Negligence nad Reformation against AIL and Sparby Agency; (ii) bad faith against AIL; (iii) punitive damages against Sparby Agency; and (iv) direct liability against Sparby Agency's malpractice insurer, named fictitiously pursuant to Wis. Stat. § 803.04. *See generally Compl*. For the

2

negligence/reformation claim, Plaintiffs seek to reform the cancer policy and recover as though Callie Zwicker were added to the policy in 2019, as well as consequential damages. *Id*., ¶ 21. Additionally, Plaintiffs seek an unspecified sum of damages for bad faith against AIL and punitive damages against Sparby Agency, together with "statutory, taxable costs, and other relief the Court deems just and equitable." *Id*. at 8–9.

13.    A true and correct copy of the State Court Action File and Docket Sheet is attached as **Exhibit C**.

### **THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a).**

14.    As demonstrated below, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000, exclusive of interests and costs. Further, Defendant has satisfied all other removal requirements. 28 U.S.C. §§ 1441, 1446.

### I.    Complete Diversity of Citizenship Exists

15.    Plaintiffs Erich and Callie Zwicker allege that they are adult residents of the State of Wisconsin. (Compl., ¶ 1). Upon information and belief, Plaintiffs are thus citizens of Wisconsin for diversity purposes.

16.    AIL is an insurance company organized under the laws of the State of Indiana with its principal place of business located in Texas. AIL is thus a citizen of Indiana and Texas for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

17.    Sparby Agency is an LLC whose sole member is John Sparby. John Sparby is a citizen of Minnesota. Therefore, Sparby Agency is a citizen of Minnesota.

18.    Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendant.

### II.    The Amount-in-Controversy Requirement Is Satisfied

19.    When a plaintiff's complaint does not state the total amount in controversy, as here, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.  A removing defendant "is entitled to present a good-faith estimate of the stakes.  If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be *legally impossible*."  *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (emphasis added).

20.    AIL can establish that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs allege that they are entitled to unspecified damages based on the allegedly wrongful omission of Callie Zwicker from the cancer policy. (Comp., ¶ 29.) AIL's maximum liability under the cancer policy exceeds $75,000.

21.    Moreover, Plaintiffs assert a claim for bad faith, which includes attorney fees as an element of damages as a matter of law, which then count towards the jurisdictional minimum. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) (internal quotation marks and citations omitted); *Roehl Transp., Inc. v. Liberty Mut. Ins. Co.*, 2010 WI 49, ¶ 159, 325 Wis. 2d 56, 784 N.W.2d 542.

22.    Finally, Plaintiffs seek punitive damages. (Comp., ¶ 38.) Under Wisconsin law, Plaintiffs can recover the higher of $200,000 or twice their compensatory damages. Wis. Stat. § 895.043(6). Thus, the punitive damages claim alone satisfies the amount in controversy. *See Klein v. Travelers Indem. Co. of Am.*, No. 23-CV-69-JDP, 2024 WL 3251790, at *3 (W.D. Wis. May 16, 2024).

23. Accordingly, considering all of the damages alleged by Plaintiffs, the amount-in-controversy requirement is satisfied because Plaintiffs' Complaint is facially evident that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

24. Sparby Agency was served with the Amended Summons and Complaint on April 30, 2026. Thirty (30) days have not yet expired since Sparby Agency first received notice of the Complaint. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

25. AIL has retained the undersigned counsel to represent both its interests and Sparby in this action, and therefore AIL has consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

26. Pursuant to 28 U.S.C. § 1446(a), removal to this Court is proper because this Court is the United States District Court for the district in which the State Court Action is pending.

27. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing Notice of Removal, attached thereto a copy of this Notice of Removal, with the clerk of the court for the Circuit Court of La Crosse County, Wisconsin, where the State Court Action was pending, and will serve a copy of the same upon counsel for Plaintiffs.

28. By filing this Notice of Removal, Defendant does not waive any jurisdictional or other defenses that might be available to it.  In addition, Defendant expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

29. If any questions arise as to the propriety of this removal, Defendant respectfully requests an opportunity to present a brief and argument as to why removal is proper.

## CONCLUSION

**WHEREFORE**, Defendant hereby removes this action from the Circuit Court of La Crosse County, Wisconsin to the United States District Court for the Western District of Wisconsin.

Dated this 29th day of May, 2026.

**von BRIESEN & ROPER, s.c.**
Attorneys for Defendants American Income Life Insurance Company and Sparby Agency LLC

*/s/ Erik M. Gustafson*
Heidi L. Vogt, SBN 1001318
Erik M. Gustafson, SBN 1098932

**P.O. Address**
411 E. Wisconsin Ave., Suite 1000
Milwaukee, WI 53202
(414) 287-1293
Heidi.Vogt@vonbriesen.com
Erik.Gustafson@vonbriesen.com

44409873.1

6